IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 4:CR-07-304 |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| PAUL SURINE, SHANE CURRY, | : | |
| and JIMMY DAKE, | : | |
| | : | |
| Defendants | : | |

**O R D E R**

December 12, 2007

**BACKGROUND:**

On September 27, 2007, a grand jury sitting in the Middle District of Pennsylvania handed down a three-count superceding indictment against Paul Surine, Shane Curry and Jimmy Dake, charging them with conspiracy to distribute controlled substances (21 U.S.C. § 846) (Count One); distribution of a controlled substance (21 U.S.C. § 841(a)(1)) (Count Two); and (as against Paul Surine only), possession of a firearm during a drug trafficking crime (18 U.S.C.§ 924(c)(1)) (Count Three).

All three defendants have been arraigned before Magistrate Judge Malachy E. Mannion and entered pleas of not guilty. Trial in this case is scheduled to begin with jury selection on February 1, 2008.

Now before the court is defendant Paul Surine's motion for a bill of particulars. For the following reasons, the court will deny the motion.

**DISCUSSION:**

### I. Legal Standard

Federal Rule of Criminal Procedure 7(f) provides:

> Bill of Particulars. The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justices requires.

"'The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him [so that he may] adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.'" United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1971) (quoting United States v. Tucker, 262 F. Supp. 305, 308 (S.D.N.Y. 1966)). A defendant has no right to a bill of particulars. United States v. O'Driscoll, 203 F. Supp. 2d 334, 348 (M.D. Pa. 2002). Granting a motion for a bill of particulars lies within the court's discretion. United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975).

A motion for bill of particulars should be granted if the government's failure

to allege factual or legal information in the indictment "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989).  Because a bill of particulars defines and limits the government's case, the court must weigh the "defendant's interest in securing information" against the "government's interest in not committing itself to facts before it is in a position to do so."  United States v. Serafini, 7 F. Supp. 2d 529, 547 & n.13 (M.D. Pa. 1998).

## II.  Surine's Motion

In his motion for a bill of particulars, Surine sets forth numerous requests for information regarding the crimes charged in the indictment.  His requests are as follows:

    A.    Count One

    1.    A statement of all known overt acts the government intends to prove at trial, including, but not limited to (a) the date of each alleged act; (b) the time of each alleged act; (c) the place of each alleged act; (d) the names, addresses and telephone numbers of all persons witnessing, hearing or in any way knowing Paul Surine's participation in these acts; and (e) the exact method and manner of each alleged act of Paul Surine.

    2.    A statement of the exact locations in the Middle District of Pennsylvania and "elsewhere" where acts in furtherance of the conspiracy have taken place.

3. A statement of the names and addresses, including whether in federal, state or protective custody of all persons the government claims to have been co-conspirators during the course of the alleged conspiracy, regardless of whether they have been indicted and the names and addresses of all "persons known and unknown on [sic] the grand jury" not named in the Indictment, but referred to in Count One, who have become known to the grand jury and the government.

4. A listing of when, where and in what manner Paul Surine became a member of the conspiracy set forth in Count One.

5. A statement of the specific dates, times and locations at which Paul Surine is alleged to have acted in furtherance of the conspiracy.

6. A listing of the names and addresses of any person or persons present at any material conversation between the defendants and any other individuals in furtherance of the conspiracy.

7. A listing of the names and address of every informer and person relied upon by the government for information as to the conspiracy.

B. <u>Count Two</u>

8. A statement setting forth the exact location, date and time in the Middle District of Pennsylvania or elsewhere where Paul Surine, Shane Curry and Jimmy Dake, allegedly distributed or possessed with intent to distribute cocaine base between May 1, 2005 and February 1, 2007.

9. A statement setting forth the exact amount of

>   cocaine base which was allegedly distributed or possessed with intent to distribute by Paul Surine, Shane Curry, and Jimmy Dake, between May 1, 2005 and February 1, 2007.
>
> 10. A statement setting forth the name, address and telephone number of the individual or individuals whom the cocaine base was allegedly distributed between May 1, 2005 and February 1, 2007.
>
> C.  Count Three
>
> 11. A statement setting forth the exact times, dates and locations in the Middle District of Pennsylvania or elsewhere, where Paul Surine allegedly possessed firearms in relation to or in furtherance of a drug trafficking crime.

(Mot. Bill Particulars, Rec. Doc. No. 83.)

Thus, defendant's motion essentially requests evidence that can be divided into two overlapping categories: (1) requests for more specific information regarding the crimes with which he is charged and (2) requests for the identities of the government's witnesses, informants, and unindicted accomplices.

We believe that defendant is not entitled to such information through the use of a bill of particulars. As we noted, the purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him so that he may adequately prepare his defense, avoid surprise at trial, and to protect him against a second prosecution for the same offense. Addonizio, 451 F.2d at 63-64

(citations omitted).  Its purpose is not to enable the defendant to obtain a wholesale discovery of the government's evidence nor a list of the government's prospective witnesses.  Id. at 64 (citations omitted).  In the instant case, the superceding indictment sufficiently apprises Surine of the charges against him, the time frame of the alleged crimes, as well as the manner and means in which those crimes were committed.  Therefore, we find that the superceding indictment is sufficient to allow defendant to adequately prepare his defense, avoid surprise at trial, and protect him against a second prosecution for the same conduct.  Furthermore, we note that requiring the government to indicate the exact dates, times, locations, and methods of the alleged crimes, as the defendant requests, would unfairly define and limit the government's case due to the fact that the evidence at trial must conform to the allegations in a bill of particulars.   Therefore, we find that defendant is not entitled to a bill of particulars and will deny his motion.

**NOW, THEREFORE, IT IS ORDERED THAT:**

Defendant's motion for a bill of particulars is DENIED. (Rec. Doc. No. 83.).

   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge