IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : 4:CR-07-304
:
v. : (Judge McClure)
:
PAUL SURINE, :
:
Defendant :

**ORDER**

May 12, 2009

**BACKGROUND:**

On September 27, 2007, a grand jury sitting in the Middle District of Pennsylvania handed down a three-count superceding indictment against Paul Surine, Shane Curry and Jimmy Dake, charging them with conspiracy to distribute controlled substances (21 U.S.C. § 846) (Count One); distribution of a controlled substance (21 U.S.C. § 841(a)(1)) (Count Two); and (as against Paul Surine only), possession of a firearm during a drug trafficking crime (18 U.S.C.§ 924(c)(1)) (Count Three).

On May 30, 2008, Surine pled guilty to count one of the first superseding indictment. On September 5, 2008, the court received the pre-sentence report which calculated an advisory guideline range of 360 months to life. On September

1

9, 2008, the court received a letter written by Surine dated September 6, 2008, that requested a withdrawal of his guilty plea and requested substitute counsel. We classified the letter as two motions, and denied both motions without prejudice because Surine was represented by counsel. On September 15, 2008, Surine's counsel submitted a motion to withdraw as counsel. On September 23, 2008, an ex parte, in camera hearing was held. At this hearing, Surine orally renewed his motion to withdraw his guilty plea. By order dated September 25, 2008, both the motion to withdraw as counsel and the oral motion to withdraw the guilty plea were denied. On March 12, 2009, counsel filed a second motion to withdraw, which was granted on March 16, 2009. On March 17, 2009, Jason F. Poplaski, Esquire was appointed to represent Surine.

Now before the court is Surine's second Motion to Withdraw Plea of Guilty. (Rec. Doc. No. 235). The supporting and opposing briefs were filed timely. (Rec. Doc. Nos. 236 and 245). No reply brief was filed, thus the matter is ripe for disposition.

Now, for the following reasons, the court will deny the motion.

**DISCUSSION:**

A "defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just

reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "It is the defendant's burden to demonstrate a 'fair and just reason' for withdrawing his or her guilty plea." United States v. Isaac, 141 F.3d 477, 485 (3d Cir. 1998) (citing Gov't of the Virgin Islands v. Berry, 631 F.2d 214, 220 (3d Cir. 1980)).

The court must consider three factors in evaluating a motion to withdraw a guilty plea: (1) whether the defendant asserts his innocence; (2) the strength of the defendant's reason to withdraw his plea; and (3) whether the government would be prejudiced by the withdrawal.[1] United States v. Brown, 250 F.3d 811, 815 (3d Cir. 2001) (citing United States v. Huff, 873 F.2d 709, 711 (3d Cir.1989)). The government need not show prejudice if defendant fails "to demonstrate that the other factors support a withdrawal of [his guilty] plea." United States v. Jones, 336 F.3d 245, 255 (3d Cir. 2003).

(1) Whether the defendant asserts his innocence.

In response to Surine's first motion to withdraw his guilty plea, this court wrote, in our order denying Surine's motion:

> Paul Surine is not asserting his innocence. In fact the court has several letters from Surine stating the opposite. In a handwritten letter

---

[1] Surine cites a Second Circuit case which considers the amount of time elapsed between the plea and the motion to withdraw, as opposed to the Third Circuit's second factor, the strength of the reason to withdraw the plea. (Rec. Doc. No. 236 at 6). We follow the Third Circuit precedent.

> from Surine dated August 8, 2008, Surine states "At the time I comitted [sic] these crimes..." (Rec. Doc. No. 170.) In a letter signed by Surine, included in the presentence report, Surine writes, "I greatly regret having committed this terrible crime," and "Again, I wish to express my sincere regret and remorse for having committed these crimes and taken up your time as well as the time of the prosecutor and attorneys in my case."
>
> The letter from Surine indicating that he wishes to withdraw his guilty plea also does not assert innocence. (Rec. Doc. No. 177.) When questioned by the court about the plea during Surine's ex parte, in camera hearing, Surine stated he wanted to withdraw his guilty plea because he did not know there were other charges[2]; but again, he did not assert his innocence.

(Rec. Doc. No. 184 at 8-9). Surine did not then, nor is he now, asserting his innocence. Surine is asserting is that he is not guilty because he has a potential defense to the charges, e.g. he believes the search warrant was defective. (Rec. Doc. No. 236). Believing that one may be found to be not guilty at trial based on a potentially successful motion to suppress, is quite different from asserting innocence.

We find now, as we did previously, that Surine has not asserted his innocence.

(2) The strength of the defendant's reason to withdraw his plea.

Surine wants to withdraw his guilty plea because he believes the search

---

[2] The court confirmed that when Surine was using the word 'charges' what he was actually referring to was the enhancements to the sentence as found in the presentence report. Surine's first attorney objected to both of the enhancements. The objections are unresolved and will be resolved at Surine's sentencing.

4

warrant was defective, his first attorney should have filed a motion to suppress, his first attorney "essentially forced" Surine to plead guilty, he is illiterate, and he did not understand the colloquy at his plea hearing. (Rec. Doc. No. 236 at 6-7). Surine did not elaborate on these reasons any further than listing them in his brief.

In his sworn testimony, in response to the court's colloquy at his plea hearing, Surine testified that he has his GED, he was satisfied with the services of his then attorney, he had read the plea agreement, his attorney had explained the plea agreement to him, he was not coerced or threatened into signing the plea agreement or pleading guilty, and that he understood the salient portions of the plea agreement read into the record by the United States attorney at the plea hearing, including that Surine is admitting to participating in a conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine. (Rec. Doc. No. 243). At the plea hearing, the United States attorney indicated that the guideline range could be between 292 and 365 months. (Id.) When presented with the facts by the United States attorney, Surine admitted that he sold cocaine and arranged for others to make purchases. (Id.) Finally, Surine confirmed with the court that he was pleading guilty because he is guilty. (Id.)

In his supporting brief, Surine set forth his reasons for desiring to withdraw his guilty plea, but did not offer support or explanation for those reasons. We do

not find Surine has presented strong reasons to withdraw his guilty plea.

(3) Whether the government would be prejudiced by the withdrawal.

The government admits that it would not be prejudiced by the withdrawal of Surine's plea of guilty.

**CONCLUSION**

For the foregoing reasons, the court will deny the motion to withdraw the guilty plea.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's second motion to withdraw his guilty plea is DENIED. (Rec. Doc. No. 235.)

2. Sentencing is set for June 11, 2009 at 1:30 p.m. in Courtroom No. 3, Third Floor, Federal Building, 240 West Third Street, Williamsport, PA.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge