# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 4:07-CR-00304 |
| v. | (Judge Brann) |
| PAUL SURINE, | |
| Defendant. | |

## MEMORANDUM OPINION

### AUGUST 24, 2018

Petitioner Paul Surine moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because the motion is untimely, it will be denied.

## I. BACKGROUND

On August 5, 2009, this Court sentenced Defendant Paul Surine to 360 months' imprisonment.[1] That sentence was affirmed by the United States Court of Appeals for the Third Circuit on April 13, 2010.[2] On December 1, 2015, this Court reduced Mr. Surine's sentence to 291 months after granting his Motion for Relief under 18 U.S.C. § 3582(c), which motion was based on Amendment 782 to the United States Sentencing Guidelines.[3]

---

[1] ECF No. 280.

[2] *United States v. Paul Surine*, 375 Fed. Appx. 164 (3rd Cir. 2010) (unpublished).

[3] ECF Nos. 387, 390.

Mr. Surine filed the instant Motion to Vacate on February 22, 2018. In it, he raises four grounds for relief.

## II. DISCUSSION

Motions filed under 28 U.S.C. § 2255 face a 1-year limitations period, which runs from "the latest of—

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[4]

As noted above, the last interaction Mr. Surine had with the federal court system vis-à-vis this case was nearly three years ago, when this Court reduced his sentence on December 1, 2015. Even if that were "the date on which [Mr. Surine's] conviction bec[a]me[] final,"[5] it is more than one year ago.

Mr. Surine does not attempt to rely on that provision of 28 U.S.C. § 2255(f), however, nor does he claim that there was some "impediment . . . created by a governmental action in violation of" federal law that "prevented [him] from

---

[4] 28 U.S.C. § 2255(f).

[5] *Id.* § 2255(f)(1).

making [his] motion"[6] or some "newly recognized" right on which he is relying.[7] Instead, Mr. Surine's motion indicates that the reason for his untimeliness is the fact that he was "abandon[ed]" by his appellate counsel.[8] As noted above, Mr. Surine's appeal ended with an opinion from the Third Circuit on April 13, 2010—more than eight years ago. And Mr. Surine is not claiming that he did not know of this "abandon[ment]," since his motion indicates that all correspondence directed by him to his appellate counsel was "sent back to the sender."[9] Mr. Surine, then, cannot claim ignorance of "the facts supporting [his] claim."[10]

## III. CONCLUSION

For the reasons discussed above, Mr. Surine's Motion to Vacate will be denied as untimely. An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[6] *Id.* § 2255(f)(2).

[7] *Id.* § 2255(f)(3).

[8] Mr. Surine's Motion to Vacate (ECF No. 392) at 13.

[9] *Id.*

[10] 28 U.S.C. § 2255(f)(4).