**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

v.

PAUL SURINE,

Defendant.

No. 4:07-CR-00304-01

(Judge Brann)

**MEMORANDUM OPINION**

**JUNE 30, 2020**

Currently pending before the Court is Paul Surine's motion for release to at-home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), or for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Surine contends that he is entitled to release to home confinement due to the COVID-19 pandemic and his particular susceptibility to the virus.[2]

## I. BACKGROUND

In 2008, Surine pled guilty, pursuant to a written plea agreement, to conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii).[3] His guilty plea was accepted and the late Honorable

---

[1] Doc. 423.
[2] *Id.*
[3] Docs. 34, 142, 148.

James F. McClure, Jr.,[4] sentenced Surine to 360 months' imprisonment.[5] On appeal, the United States Court of Appeals for the Third Circuit affirmed Surine's conviction and sentence.[6] In 2015, this Court granted Surine's motion for a sentence reduction pursuant to Amendment 782 to the United States Sentencing Guidelines Manual and reduced his sentence to 291 months' imprisonment.[7]

Surine has now filed a motion for release to home confinement.[8] In his motion, Surine asserts that he is of advanced age and suffers from high blood pressure, kidney disease, sleep apnea, and prior surgery, all of which places him at a higher risk of serious illness or death should he contract COVID-19.[9] The Government responds that (1) this Court lacks jurisdiction to consider any request under the CARES Act and (2) Surine's motion for compassionate release is premature because he failed to exhaust his administrative remedies.[10] This motion is ripe for consideration and, for the following reasons, Surine's motion will be dismissed.

## II. DISCUSSION

### A. CARES Act

As to Surine's claim under the CARES Act, that Act "sought to address the spread of the coronavirus in prisons by permitting [the] BOP to expand the use of

---

4 Judge McClure died in December 2010, and this matter was reassigned to the undersigned in January 2013.
5 Doc. 280.
6 Docs. 316, 317.
7 Doc. 390.
8 Doc. 423.
9 *Id.* at 1.
10 Doc. 425.

home confinement under Section 602 of the First Step Act § 3624(c)(2)" by "temporarily suspend[ing] the limitation of home confinement to the shorter of 10 percent of the inmate's sentence or 6 months."[11] "Thus, the CARES Act provides that if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, as he did on April 3, 2020, the BOP Director may increase the maximum amount of time that a prisoner may spend in home confinement."[12] "As such, the jurisdiction of a home confinement determination under the CARES Act is with the Director of the Bureau of Prisons."[13]

Because jurisdiction under the CARES Act rests exclusively with the BOP, numerous courts have determined that district courts do not have jurisdiction to consider an inmate's request for release to home confinement under the CARES Act.[14] The overwhelming weight of case law confirms that this Court does not have jurisdiction to grant relief under the CARES Act and, therefore, Surine's request for release to home confinement under that Act will be dismissed for lack of jurisdiction.

---

11 *Gottstein v. Finley*, No. 3:20-CV-0935, 2020 WL 3078028, at *6 (M.D. Pa. June 10, 2020) (brackets and internal quotation marks omitted).

12 *Id.*

13 *Id.* (brackets and internal quotation marks omitted).

14 *Id.* at *7 (collecting cases).

**B. Compassionate Release**

Next, Surine asserts that he is entitled to compassionate release, as he is particularly susceptible to COVID-19 due to his age, high blood pressure, kidney disease, sleep apnea, and prior surgery.[15]

Although Surine avers that he is entitled to compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), that section permits an inmate to file a motion for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Exhaustion of administrative remedies is mandatory, and an inmate's failure to exhaust such remedies "presents a glaring roadblock foreclosing compassionate release."[16]

The record demonstrates that Surine has yet to file any request with the BOP in accordance with § 3582(c)(1)(A) and, accordingly, it is clear from that Surine has not exhausted his administrative remedies. As the United States Court of Appeals for the Third Circuit has emphasized, "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."[17] That exhaustion requirement has not been met here, and this Court therefore lacks jurisdiction to

---

15 Doc. 423.
16 *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).
17 *Raia*, 954 F.3d at 597.

consider Surine's motion for compassionate release.[18] Consequently, Surine's motion for compassionate release will be dismissed without prejudice to his right to refile should he exhaust his administrative remedies in the future.

## III. CONCLUSION

For the foregoing reasons, Surine's motion for release pursuant to the CARES Act will be dismissed, while his request for compassionate release will be dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

[18] *See Cordaro v. Finley*, No. 3:10-CR-75, 2020 WL 2084960, at *4 (M.D. Pa. Apr. 30, 2020).